**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| FRED A. COLVIN, CHAIRMAN of the BOARD OF TRUSTEES, on behalf of BRICKLAYERS UNION LOCAL NO. 6 OF INDIANA PENSION FUND, *et al.*,     Plaintiffs, | ) ) ) ) ) ) | |
| v. | ) ) | CAUSE NO.: 2:15-CV-376-JVB-JEM |
| H.E.S.S. CAULKING AND RESTORATION, INC.,     Defendant. | ) ) ) | |

**OPINION AND ORDER**

This matter is before the Court on Plaintiffs' Motion for Leave to File First Amended Complaint [DE 13], filed on May 2, 2016. Plaintiffs request that the Court grant them leave to amend the Complaint to add two counts naming Charles Ramsey, individually, d/b/a H.E.S.S. Caulking & Restoration, Inc., as a party defendant, and asserting that he is personally liable for the contributions and deductions owed to Plaintiffs. Defendant filed a response on May 12, 2016, and on May 19, 2016, Plaintiffs filed a reply.

**I.**  **Background**

On September 29, 2016, Plaintiffs, employee benefit funds collectively referred to as the Trust Funds, filed a Complaint pursuant to the Employment Retirement Income Security Act of 1974, as amended, alleging that Defendant breached obligations owed to Plaintiffs. In particular, Plaintiffs allege that Defendant owes delinquent contributions and deductions to Plaintiffs, plus liquidated damages, interest, and attorney fees.

The Court entered a discovery plan requiring Plaintiffs to file any motion for leave to amend

pleadings or add parties before May 1, 2016. The instant Motion was filed on April 27, 2016, with the proposed First Amended Complaint attached as an exhibit. Plaintiffs seek to add two counts against Charles Ramsey, individually, d/b/a H.E.S.S. Caulking & Restoration, Inc. They allege that Charles Ramsey may have been acting in an individual capacity when he signed a Memorandum of Agreement ("MOA") with Plaintiff Bricklayers' Union, Local No. 6 of Indiana, Administrative Unit of Indiana of the International Union of Bricklayers and Allied Craftsmen, AFL-CIO, on behalf of an employer identified as H.E.S.S. Caulking & Restoration on November 4, 1992. Plaintiffs allege that H.E.S.S. may not have been incorporated at that time, and that Ramsey therefore may be personally liable for the contributions and deductions owed to Plaintiffs.

## II.     Analysis

Federal Rule of Civil Procedure 15(a) provides that, when a party seeks leave to amend a pleading, the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Thus, if the underlying facts or circumstances relied upon by a plaintiff are potentially a proper subject of relief, the party should be afforded an opportunity to test the claim on the merits. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The decision whether to grant or deny a motion to amend lies within the sound discretion of the district court. *Campbell v. Ingersoll Milling Mach. Co.*, 893 F.2d 925, 927 (7th Cir. 1990). However, leave to amend is "inappropriate where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment." *Villa v. City of Chi.*, 924 F.2d 629, 632 (7th Cir. 1991) (citing *Foman*, 371 U.S. at 183). An amendment is considered "futile" if it would not withstand a motion to dismiss or motion for summary judgment. *Sound of Music Co. v. Minnesota*

*Min. & Mfg.* Co., 477 F.3d 910, 923 (7th Cir. 2007); *Vargas-Harrison v. Racine Unified Sch. Dist.*, 272 F.3d 964, 974 (7th Cir. 2001).

When a plaintiff seeks to add a new defendant through an amended complaint, Federal Rule of Civil Procedure 20 is implicated. *See Chavez v. Ill. State Police*, 251 F.3d 612, 631-32 (7th Cir. 2001). It provides that defendants may be joined to an action if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). "The standard for permissive joinder under Rule 20 is liberal," *Eclipse Mfg. Co. v. M & M Rental Ctr., Inc.*, 521 F. Supp. 2d 739, 744 (N.D. Ill. 2007), and "courts are inclined to find that claims arise out of the same transaction or occurrence when the likelihood of overlapping proof and duplication in testimony indicates that separate trials would result in delay, inconvenience, and added expense to the parties and to the court." 7 Charles Alan Wright et al., Federal Practice and Procedure § 1653 (3d ed. 2001); *see also Chavez*, 251 F.3d at 632; *Thompson v. Boggs*, 33 F.3d 847, 858 (7th Cir. 1994).

Plaintiffs seek leave to add as a party defendant an entity who they allege may be personally liable for benefits owed Plaintiffs pursuant to the agreement between the parties in this case. Defendant does not dispute that the right to relief asserted against Ramsey does not arise out of the same transaction or occurrence, but argues that the additional counts seeking personal liability against Charles Ramsey would be futile. It argues that there can be no personal liability of corporate officers, and that since H.E.S.S. Caulking was incorporated prior to the MOA that is at issue in this case and there is no evidence that Ramsey was acting in his individual capacity in signing the MOA or in his subsequent dealings with the Trust Funds, there is no basis to assess personal liability

3

against him. Plaintiffs argue that Ramsey signed the MOA as an individual sole proprietor doing business as H.E.S.S. Caulking & Restoration, which had not properly incorporated at that time, and therefore Ramsey may be exposed to personal liability for the obligations arising out of the collective bargaining agreement.

If H.E.S.S. was a sole proprietorship, with Ramsey as a sole proprietor, he would be personally liable for the business's debts and obligations. *See, e.g., Bledsoe v. State Farm Fire & Cas. Co.*, No. 1:04 CV 1584 DFH-TAB, 2005 WL 2491577, at *4 (S.D. Ind. Oct. 7, 2005). The parties agree that H.E.S.S. was not incorporated until May 2, 1995. Plaintiffs argue that Ramsey was acting in his individual capacity when he signed the 1992 MOA and therefore may be personally liable for the benefits owed Plaintiffs. Defendant argues that the MOA binding H.E.S.S. to a collective bargaining agreement signed on June 9, 2005, is the operative MOA governing H.E.S.S.'s obligations to Plaintiffs, and as H.E.S.S. was incorporated prior to that signing, Ramsey cannot be held personally liable for the obligations that arose as a result of that agreement.

Neither the Complaint nor the proposed Amended Complaint identify the document that initially created the collective bargaining agreement between the parties in this case, and the Answer admits that H.E.S.S. is a signatory to a collective bargaining agreement with Plaintiffs. On the basis of the pleadings and the parties' arguments, the Court cannot conclude that the proposed Amended Complaint would not survive a motion to dismiss or motion for summary judgment. Since the underlying facts relied upon by Plaintiffs are potentially a proper subject of relief and the claims they seek to add against Ramsey arise out of the same operative facts, amendment is appropriate.

**III. Conclusion**

For the foregoing reasons, the Court hereby **GRANTS** Plaintiffs' Motion for Leave to File

First Amended Complaint [DE 13] and **ORDERS** that Plaintiffs shall have through **September 5, 2016**, within which to file the Amended Complaint, currently on the docket as an attachment to the instant Motion, with the typographical corrections as described in their reply brief.

    SO ORDERED this 31st day of August, 2016.

                                               s/ John E. Martin
                                               MAGISTRATE JUDGE JOHN E. MARTIN
                                               UNITED STATES DISTRICT COURT

cc:    All counsel of record